**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

    Plaintiff,

vs.                                              CASE NO. 3:11-cv-443-J-34TEM

FLORIDA STATE COLLEGE,
et al.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on referral by the Honorable Marcia Morales Howard, for a report and recommendation on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #24, Motion to Dismiss), filed on October 14, 2011. (*See* Doc. #33, Order of Referral, dated November 30, 2011.) For the reasons stated herein, the undersigned respectfully recommends the Motion to Dismiss be granted.

**Background**

Plaintiff alleges in the Amended Complaint (Doc. #22) that on April 25, 2011 she was denied access to public educational facilities on the basis of Plaintiff's race, national origin, and / or color. Amended Complaint at 2. Plaintiff sues Florida State College and three specifically named individuals who reportedly are affiliated with Florida State College.[2] *Id.*

---

    [1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

    [2]In the style of the case, Plaintiff includes the phrase "et al." after the named Defendants. While et al. is commonly used in legal writing as the Latin abbreviation for "and

Plaintiff refers to a specific incident when she claims she was denied entry into the Florida State College campus. *Id.* Plaintiff alleges the Defendants, as representatives of Florida State College, had no valid reason to deny her entry onto the school's campus. *Id.* at 4. Plaintiff further alleges she is an "American Negro" and her suit is brought on the basis of discrimination and unequal protection of the law that is prohibited by the 1964 Civil Rights Act. *Id.* Plaintiff seeks monetary relief in the form of damages and court costs, including a request for compensatory and punitive damages. *See id.*

The Defendants collectively seek dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted (*see generally,* Doc. #24, Motion to Dismiss). Defendants argue Plaintiff's Amended Complaint is confusing and provides no legal basis for litigation. Motion to Dismiss at 2-3. More specifically, Defendants argue: (1) Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff failed to exhaust administrative remedies as required by statute; and, (3) Plaintiff seeks monetary damages when only injunctive relief is permitted by statute.

In an apparent response to the Motion to Dismiss, Plaintiff filed a motion requesting a continuance of the scheduled case management conference, while also asserting in the same document that "Plaintiff's complaint was sufficient in content and form" and requesting the Court "allow the case to go forward without delay. . . " (Doc. #25, Motion for Continuance). Plaintiff was then directed by the District Court to file a supplemental response to the Motion to Dismiss addressing the substantive arguments Defendants asserted (Doc. #28, Court Order). Plaintiff's subsequent filing was docketed as a motion to

---

other persons," at this stage in the proceedings, no other defendants have been named and the abbreviation as used by Plaintiff appears to be without real meaning.

amend her responsive brief (Doc. #32). Thereafter the matter was referred to the undersigned for this Report and Recommendation on disposition of the Motion to Dismiss.

The undersigned gave Plaintiff leave to file an amended brief and set the matter for an in-person hearing. The document Plaintiff filed (Doc. #36, Amended Brief) primarily repeated what is contained within the Amended Complaint, but utterly failed to address the arguments in Defendants' Motion to Dismiss. The hearing was held on January 5, 2012. Plaintiff appeared at the hearing, as did counsel for Defendants (*see* Doc. #38, Clerk's Minutes). Argument was heard from both sides. During the course of the hearing, Plaintiff acknowledged she had not filed a claim with the Florida Commission on Human Relations concerning her alleged denial of access to Florida State College as a place of public accommodations.[3] Also during the hearing, counsel for Defendants stated they considered this a "loitering case" and acknowledged they had not investigated the alleged incident when security personnel at Florida State College denied Plaintiff entry onto the property under a "Trespass Order." *See* Amended Complaint at 1. The parties were urged to attempt resolution of this case outside further litigation, the efforts at which, if any, were apparently unsuccessful.

**Standard of Review**

The pleading requirements of the Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "must give the defendant fair notice of what the claim is and the

---

[3]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). Case law has established that the complaint must state plausible claims established by factual allegations sufficient "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556; *see also, Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010). A complaint will have "facial plausibility" when a plaintiff pleads factual content sufficient for the reviewing court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citing to *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

The reviewing court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Speaker*, 623 F.3d at 1379. A *pro se* litigant, such as Ms. Adeniji, is entitled to a liberal reading of the complaint when the reviewing court is considering a motion to dismiss. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998) (internal citations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaints must be held to less stringent standards than formal pleadings drafted by attorneys) (internal citations omitted). Though the complaint need not contain detailed factual allegations, the facts alleged in support of the claim(s) "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 540 U.S. at 545 (internal citation omitted). "While the court must accept all well-pleaded allegations in a complaint as true, the court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers, Inc.*, 993 F.Supp. 1475, 1476 (M.D. Fla. 1998) (internal citation omitted).

**Discussion and Analysis**

Defendants first argue that Plaintiff's Amended Complaint is confusing and provides no legal basis for litigation. Motion to Dismiss at 2-5. Defendants find "the basis for Plaintiff's claim is indecipherable," and note that Plaintiff has referred to incorrect subsections of the Civil Rights Act of 1964 in her Amended Complaint. *Id.* at 4. Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A liberal reading of the Amended Complaint shows Plaintiff has alleged discrimination on the basis of her race ("American Negro") in a place of public accommodation under the Civil Rights Act of 1964. Assuming arguendo that Florida State College is a place of public accommodation,[4] Plaintiff has adequately stated a claim under the liberal construction of *Estelle v. Gamble,* 429 U.S. at 106, to which *pro se* litigants are entitled. Plaintiff's failure to cite to the specific subsection of the Civil Rights Act that governs discrimination in places of public accommodation is not fatal to the complaint. *See Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (finding it well settled that when a complaint does not cite to the specific statute conferring jurisdiction, the omission will not defeat jurisdiction if it can be inferred from the alleged facts).[5] The analysis, however, does not end here.

---

[4]Title 42, U.S.C., Section 2000a states, *inter alia*, that "any ... cafeteria, lunchroom, lunch counter, ... theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and any establishment ... which is physically located within the premises of any establishment otherwise covered ..., or ... [any establishment] within the premises of which is physically located any such covered establishment" is a covered establishment. See 42 U.S.C. § 2000a(b).

[5]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendants also argue Plaintiff has failed to exhaust her administrative remedies at the state level, as required by statute. Motion to Dismiss at 5-6. The only specific argument the Court is able to discern Plaintiff has made in opposition to the Motion to Dismiss is Plaintiff's conclusory statement, "Acts of blatant discrimination can go directly to Federal Court." Motion to Amend at 1. Plaintiff reiterated this argument during the motion hearing when the Court inquired whether Plaintiff had presented a complaint to the Florida Commission on Human Relations before filing this case in federal court. Plaintiff bluntly stated she had not filed her claim with any state agency and she is not required to do so. This argument, directed at Defendants' allegation that Plaintiff failed to exhaust required administrative remedies before filing a lawsuit in federal court, is asserted by Plaintiff without any reference to authority, and is patently incorrect. *See Brown v. Zaveri*, 164 F.Supp.2d 1354 (S.D. Fla. 2001) (granting the defendants' motion to dismiss the plaintiff's Title II, public accommodations, claim in a multi-count complaint because the plaintiff failed to exhaust his administrative remedies with the Florida Commission on Human Relations before bringing his public accommodations claim to federal court).

Defendants correctly note that the Civil Rights Act of 1964 provides in Title II of the Act, under section 2000a-3(c), that if a state or local law prohibits the same discriminatory practice set forth in the federal Civil Rights Act, and an authority exists to enforce the state or local law, then the plaintiff may not bring a civil action under this section of the Civil Rights Act before having given written notice of the alleged violation to the state or local authority. 42 U.S.C. § 2000a-3(c). Defendants have cited the Florida Civil Rights Act, Fla. Stat. § 760.08, as prohibiting an individual from being denied access to places of public accommodation, which mirrors the similar provision in the Civil Rights Act of 1964, 42 U.S.C.

6

§ 2000a *et seq.* The Florida Commission on Human Relations is the state agency charged with investigating complaints under the Florida Civil Rights Act. *See* Fla. Stat. §§ 760.02, 760.11. Not only did Plaintiff fail to allege in the Amended Complaint that she has, or has not, exhausted the administrative remedies available through the state agency responsible for investigating claims for denial of access to places of public accommodation, but she has now affirmatively stated to the Court that she has not pursued any such remedy through the appropriate state agency.[6] Plaintiff's Amended Complaint should be dismissed on this basis.

Defendants further argue Plaintiff seeks relief which cannot be granted. Defendants are correct. Plaintiff seeks monetary damages, as set forth in the Amended Complaint. Section 2000a-3 of Title 42, United States Code, refers to civil actions for injunctive relief, which includes actions that allege an act or practice prohibited by section 2000a-2 of Title 42, which refers back to the deprivation or attempt to deprive an individual of a right or privilege secured by section 2000a or 2000a-1. As noted above, section 2000a of Title 42 prohibits discrimination or segregation in places of public accommodation. The "Relief" section of Plaintiff's Amended Complaint seeks monetary damages and court costs, but also contains the statement, "The Defendants[,] the representatives of Florida State College[,] had no valid reason to den[y] Dianne Roberta Adeniji entry into the school." Although this statement is contained within the Relief section of the Amended Complaint, the Court declines to construe the statement as a request for relief. Because Plaintiff clearly seeks monetary damages from Defendants for the alleged wrongdoing, and only injunctive relief  only injunctive relief is

---

[6]As noted in *Brown*, the Florida Commission on Human Relations ("FCHR") is capable of investigating a request for injunctive relief under Title II of the Civil Rights Act and will do so in those cases filed within the 365-day period within which a plaintiff has to file such a claim with FCHR. 164 F.Supp.2d at 1360.

available to plaintiffs suing under section 2000a, Defendants are correct that Plaintiff seeks relief that cannot be granted. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1988) (a plaintiff bringing suit under Title II of the civil rights act cannot recover monetary damages).

Irrespective of whether Plaintiff's implied intent was to seek relief other than monetary damages through this lawsuit, Plaintiff's complaint must be dismissed for failure to exhaust the administrative remedies available through the Florida Commission on Human Relations.[7]

**Conclusion**

For the aforementioned reasons, the undersigned respectfully recommends Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #24) be **GRANTED** and Plaintiff's Amended Complaint be dismissed.

**DONE AND ENTERED** at Jacksonville, Florida this 31st day of January, 2012.

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff
Counsel of Record

THOMAS E. MORRIS
United States Magistrate Judge

---

[7] The undersigned takes note of Plaintiff's statements during the January 5 hearing that indicate Plaintiff *may* desire to take classes as Florida State College *in the future*.