**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

        Plaintiff,

vs.                                    Case No.   3:11-cv-443-J-34TEM

FLORIDA STATE COLLEGE, et al.,

        Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 40; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on January 31, 2012.  In the Report, Magistrate Judge Morris recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 24) be granted and that Plaintiff's Amended Complaint be dismissed.  See Report at 8.  Plaintiff did not file objections to the Report, but instead filed a motion seeking reconsideration of the Report and Recommendation.  See Motion for Reconsideration (Dkt. No. 41).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994);

United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will deny the Motion for Reconsideration and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with one modification.[1]  Accordingly, it is hereby

**ORDERED:**

1.	Plaintiff's Motion for Reconsideration (Dkt. No. 41) is **DENIED**.

2.	The Magistrate Judge's Report and Recommendation (Dkt. No. 40), as modified, is **ADOPTED** as the opinion of the Court.

3.	Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 24) is **GRANTED**.

---

[1] Plaintiff filed suit in this action on May 4, 2011.  After service of process was accomplished, Defendants Florida State College at Jacksonville, Steven Wallace, Don Casper, and Michael Carter filed a Motion to Dismiss arguing that Plaintiff's Complaint failed to state a claim.  After Plaintiff failed to substantively respond to the Motion to Dismiss, the Court sua sponte gave her leave to file an Amended Complaint.  See generally Order (Dkt. No. 18).  In the Order, the Court gave Plaintiff specific instructions about the pleading requirements of the Federal Rules of Civil Procedure and her obligation to comply with those requirements.  See id. 3-4.  Although Plaintiff did not file an Amended Complaint in accordance with the Court's Order, she did file a document entitled "Motion" which appeared to the Court to be a possible attempt to file an Amended Complaint.  However, the Court determined it to be entirely inadequate as Plaintiff failed to "set forth any factual allegations" and instead simply cited the "Civil Rights Act."  The Court once again gave Plaintiff specific instructions on filing an appropriate Amended Complaint and gave her "one final opportunity to amend her Complaint in accordance with the principals set forth in its August 18, 2011 Order.  See Order (Dkt. No. 21) at 1-2.  On October 7, 2011, Plaintiff filed the Amended Complaint which is currently before the Court.  Despite being on notice of Defendants' position that her Complaint was insufficient and the Order of the Court directing her to file an Amended Complaint and providing her with specific instructions regarding the adequacy of such a Complaint, the Amended Complaint filed by Plaintiff on October 7, 2011, is, with the exception of four words, verbatim, the same as the Complaint filed on May 4, 2011.  As such, the Court is of the view that Plaintiff has been given ample opportunity to amend her Complaint and has failed to cure its deficiencies.  Moreover, with respect to Plaintiff's failure to state a claim upon which relief can be granted, due to her failure to exhaust the required administrative remedies, Plaintiff has given the Court no reason to believe that the deficiencies could be cured by an Amended Complaint.  Thus, in determining that dismissal is appropriate, the Court has specifically considered whether Plaintiff, who is proceeding pro se, should be given leave to file an Amended Complaint.  The procedural history of this case establishes that such leave is not warranted.

4. This case is **DISMISSED**.

5. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2012.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

The Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record

Pro Se Parties